UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PHOENIX BULK CARRIERS (BVI) LTD., | 20 Civ. _____ |
| Plaintiff, | **COMPLAINT** |
| -against- | |
| TRIORIENT, LLC., | |
| Defendant. | |

Plaintiff Phoenix Bulk Carriers (BVI) Ltd. ("PBC"), by its attorneys Freehill Hogan & Mahar, LLP, as and for its Complaint against Defendant Triorient, LLC ("Triorient"), alleges as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for recovery of monies owed in connection with a breach of maritime contracts of charter party and settlement of amounts due thereunder, and as such this case falls under the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333. This case also falls under the Court's diversity jurisdiction pursuant to 28 U.S.C. §1332 in that the matter involves a dispute between a citizen of a State and a citizen of a foreign state where the amount in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00.

2. At all times material hereto, Plaintiff PBC was and still is a foreign business entity duly organized and existing under the laws of The British Virgin Islands with an agent in care of Phoenix Bulk Carriers (US) LLC, with a business address at 109 Long Wharf, Newport, Rhode Island.

522375.1

3. At all times material hereto, plaintiff PBC was engaged in the business of the carriage of cargo by sea through the chartering out of vessels it operated in the capacity as a disponent owner.

4. At all times material hereto, Defendant Triorient was and still is a Connecticut business entity duly organized and existing under the laws of the State of Connecticut with a business address at 76 Tokeneke Road, Darien, Connecticut 06820, with principals Albert Winslow and Juan Facundo Santucci having residences at 355 Hill Farm Road, Fairfield Connecticut 06430 and 162 Julian Street, Rye, New York 10580, respectively.

5. At all times material hereto, Defendant Triorient was and still is in the business of purchasing and selling bulk products in international trade, which transactions included carriage by sea, and in that capacity Triorient would charter vessels for the transportation of the bulk products it was buying and selling.

6. In 2014, Plaintiff PBC and Defendant Triorient were parties to a certain long-term Contract of Affreightment (the "COA") under which Triorient would make nominations of specific cargoes for carriage, PBC would provide vessels to perform the carriage, and each individual transportation agreement would be memorialized by a separate charter party (also known as a fixture) which would specify the cargo, load and discharge ports, quantity, etc.

7. Triorient defaulted on its performance of the COA in 2014 giving rise to losses and damages, in particular, the vessels M/V Ever Grand and the M/V Lyric Star (the "Disputes").

8. In March 2015, an agreement was reached between PBC and Triorient under which the Disputes would be resolved provided Triorient made certain set payments to PBC at specific times including payment of the sum of $2.5M, and payment of an additional sum of

$500,000.00 (the "Additional Sum") to be worked-off in conjunction with future cargoes purchased and/or sold by Triorient and carried by PBC.

9. Specifically, Triorient extended to PBC a right of first and last refusal on all such future purchases and sales of product that would be carried by sea.

10. On any such cargoes that were accepted for carriage by PBC, an additional sum would be added to the agreed per ton freight rate, with a minimum of $1.00/ton added, until the Additional Sum of $500,000.00 was worked off.

11. The Agreement, including the above referenced work out for payment of $500,000.00, was memorialized in an email exchange in March 2015 between PBC and Al Winslow, one of the principals of Triorient.

12. Pursuant to the terms of the above referenced work-out, several vessels were chartered (fixed) by Triorient from PBC under which specific agreed additional sums, over and above the agreed freight rate, were added and paid in offset to the open Additional Balance.

13. Specifically, a total of five vessels were offered from PBC to Triorient under which an agreed additional payment was made, including:

| | | | |
|---|---|---|---|
| (i) | M/V Siberian Express | - | credit of $90,626.00 |
| (ii) | M/V Kang Cheng | - | credit of $41,194.50 |
| (iii) | M/V Seavenus | - | credit of $ 5,650.00 |
| (iv) | M/V Bulk Beothuk | - | credit of $ 7,250.00 |
| (v) | M/V St Andrew | - | credit of $13,537.50 |
| | Total | | $158,257.50 |

14. In contravention of the Agreement, Defendant Triorient refused to add or include any further additional sums on the agreed freight for other cargoes carried by PBC, claiming an inability to make any additional payments due to market constraints and cash-flow issues, and there remains due and owing an outstanding balance of $341,742.50.

3

522375.1

15. In addition, Triorient violated the terms of the right of first and last refusal by fixing cargoes with other vessel owners or operators without offering those cargoes to PBC.

16. PBC, through English counsel, duly made claim against Triorient and indicated that unless payment was made, arbitration would be commenced under the provisions of the COA, which provided for London arbitration.

17. Triorient's U.S. counsel, in response, indicated it would not proceed to arbitrate the outstanding balance of $341,742.50, as the claim fell under the terms of the Agreement which did not contain a specific jurisdictional provision, and hence PBC's English counsel's effort to submit the claim to arbitration under the provisions of the COA would be ineffective.

18. No part of the outstanding balance of $341,742.50 has been paid despite due and repeated demand.

WHEREFORE, Plaintiff PBC prays:

a. That process in due form of law according to the practice of this Court may issue against Defendant Triorient citing it to appear and answer the foregoing;

b. That PBC have judgment against Triorient for the outstanding balance due of $341,742.50, together with interest, costs and attorneys' fees; and

c. That PBC have such other, further and different relief as this Court may deem just and proper in the premises.

522375.1

Dated: New York, New York
       March 13, 2020

                                        FREEHILL HOGAN & MAHAR LLP
                                        *Attorneys for Plaintiff*

By: _____
       Thomas M. Canevari
       Peter J. Gutowski
       FREEHILL HOGAN & MAHAR LLP
       80 Pine Street, 25th Floor
       New York, NY 10005
       Telephone: (212) 425-1900
       Email: canevari@freehill.com

       Local Office
       246 Margherita Lawn
       Stratford, CT 06615

522375.1